DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

TIMOTHY J. ELMES,                        )
                                         )
                Plaintiff,               )
                                         )
        v.                               )      Civil No. 2011-106
                                         )
COMMISSIONER OF INTERNAL REVENUE and     )
UNITED STATES VIRGIN ISLANDS,            )
                                         )
                Defendants.              )
————————————————————————————————————     )

ATTORNEYS:

**Joseph A. DiRuzzo, Esq.**
Fuerst Ittleman David & Joseph, PL
Miami, FL
        *For the plaintiff,*

**Christopher W. Sanders, Trial Attorney**
United States Department of Justice
Washington, DC
        *For the defendant the Commissioner of Internal Revenue,*

**Vincent F. Frazer, Attorney General**
**Tamika Archer, AAG**
Virgin Islands Department of Justice
St. Thomas, VI
        *For the defendant the United States Virgin Islands.*

## <u>MEMORANDUM OPINION</u>

**GÓMEZ, C.J.**

Before the Court are the motions of the defendants to dismiss for want of subject-matter jurisdiction and for failure to state a claim for which relief may be granted. The plaintiff has submitted a timely opposition.

Elmes v. Commissioner
Civil No. 2011-106
Memorandum Opinion
Page 2

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On September 30, 2003, the plaintiff, Timothy J. Elmes ("Elmes") filed a Form 1040 income tax return for the 2002 tax year (the "2002 1040") with the defendant, the Virgin Islands Bureau of Internal Revenue (the "VIBIR").[1]

On February 3, 2004, Elmes filed a Form 1040X amended income tax return for the 2002 tax year with the VIBIR (the "First 2002 1040X"). The First 2002 1040X reflects a total tax of $128,346 and total payments of $713.

On January 10, 2005, Elmes filed a Form 1040 income tax return with the VIBIR for the 2003 tax year (the "2003 1040"). The 2003 1040 reflects a total tax of $187,764 and total payments of $266,234.

On December 27, 2005, Elmes filed a Form 1040 income tax return with the VIBIR for the 2004 tax year (the "2004 1040"). The 2004 1040 reflects a total tax of $166,899 and total payments of $125,184.

On June 28, 2011, Douglas H. Shulman, the Commissioner of the Internal Revenue (the "Commissioner")[2] issued a notice of deficiency to Elmes for the 2002, 2003, and 2004 tax years, in

---

[1] The Virgin Islands Bureau of Internal Revenue is an agency of the Virgin Islands that is charged with assessing and collecting taxes. V.I. CODE ANN. tit. 33, § 680.

[2] The Commissioner of Internal Revenue is the individual charged with supervising the execution and application of the internal revenue laws of the United States. 26 U.S.C. § 7803.

*Elmes v. Commissioner*
Civil No. 2011-106
Memorandum Opinion
Page 3

the amounts of $662,380.15, $1,401,958.02, and $836,128.05,

respectively (the "Notice of Deficiency"). (Pl.'s Ex. 1.) The

Notice of Deficiency asserts that, among other things, Elmes was

not a bona fide resident of the United States Virgin Islands for

the 2002, 2003, and 2004 tax years.

On September 23, 2011, Elmes filed a Form 1040X amended

income tax return for the 2002 tax year with the VIBIR (the

"Second 2002 1040X"). The Second 2002 1040X requests a refund in

the amount of $86,278[3].

On that same day, Elmes also filed a form 1040X amended

income tax return for the 2003 tax year with the VIBIR (the

"2003 1040X"). The 2003 1040X requests a refund in the amount of

$266,234.

On that same day, Elmes also filed a form 1040X amended

income tax return for the 2004 tax year with the VIBIR (the

"2004 1040X"). The 2004 1040X requests a refund in the amount of

$129,967.[4]

Attached to the Second 2002 1040X, the 2003 1040X, and the

2004 1040X were statements by Elmes that he was seeking these

---

[3] Elmes has not explained the discrepancy between the refund he now
seeks and the tax payments shown on his First 2002 1040X. However, as the
Court is currently considering motions to dismiss, it must assume the amount
now claimed by Elmes is true and correct.

[4] Elmes has also not explained the discrepancy between the refund he now
seeks and the tax payments shown on his 2004 1040. However, as the Court is
currently considering motions to dismiss, it must assume the amount now
claimed by Elmes is true and correct.

Elmes v. Commissioner
Civil No. 2011-106
Memorandum Opinion
Page 4

refunds because the IRS now claimed he should have paid these taxes to it. (Pl.'s Exs. 5, 6, 7.)

Shortly after Elmes filed the Second 2002 1040X, the 2003 1040X, and the 2004 1040X, the VIBIR issued notices that all three claims were disallowed as time-barred. (Pl.'s Exs. 8, 9, 10.)

Elmes initiated this action on September 24, 2011, and filed an amended complaint (the "Amended Complaint") the same day. The Amended Complaint asserts three counts. Count One petitions the defendant the Commissioner of the IRS (the "Commissioner") for a redetermination of Elmes's tax liability for the 2002, 2003, and 2004 tax years. Count Two asserts a claim for refund against the VIBIR for taxes paid to it for the 2002, 2003, and 2004 tax years. Count Three asserts a Fifth Amendment Takings Clause claim against both the VIBIR and the Commissioner.

The Commissioner and the VIBIR now move to dismiss the Amended Complaint for want of subject-matter jurisdiction and failure to state a claim for which relief may be granted. Elmes has filed timely oppositions.

## II. DISCUSSION

## A. Lack of Subject-Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)" governs motions to dismiss for lack of subject-matter

Elmes v. Commissioner
Civil No. 2011-106
Memorandum Opinion
Page 5

jurisdiction. A Rule 12(b)(1) motion may be treated either as a facial or factual challenge to the court's subject matter jurisdiction. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). A factual challenge may only occur after the allegations of the complaint have been controverted. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 892 n.17 (3d Cir. 1977). In considering a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), all material allegations in the complaint are taken as true. *Id.* at 891-92; *see also Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (summarizing the standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court").

**B.    Failure to State a Claim**

In order to survive a motion to dismiss, a plaintiff must offer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 569 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555 (internal citations omitted). Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).' " *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 544).

In determining the sufficiency of a complaint challenged under Rule 12(b)(6), the Court must take the following three[5] steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

---

[5] *Iqbal* describes the process as a "two-pronged approach" but the Supreme Court took note of the elements a plaintiff must plead to state a claim before proceeding to its two-step approach. Accordingly, the Third Circuit has deemed the process a three step approach. *See Santiago*, 629 F.3d at 130.

*Elmes v. Commissioner*
Civil No. 2011-106
Memorandum Opinion
Page 7

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)

(quoting *Iqbal*, 556 U.S. at 674, 679); *see also Great W. Mining*

*& Min. Co. v. Rothschild LLP*, 615 F.3d 159, 177 (3d Cir. 2010.)

## III. ANALYSIS

### A.   Count One: Petition for Redetermination

The Commissioner has asserted a facial challenge to this

Court's jurisdiction over Count One of the Amended Complaint,

arguing that this suit is barred by sovereign immunity.

"Virgin Islands residents may litigate the amount of their

income tax liability in two ways." *WIT Equip. Co., Inc.,* 185 F.

Supp.2d 500, 503 (D.V.I. 2001).[6] The first avenue is a refund

action. In order to pursue a refund action in this Court, a

taxpayer must pay the tax assessed and then file a refund claim

for the amount overpaid. 26 U.S.C. § 7422; V.I. CODE ANN. tit. 33,

§ 1692. The second avenue is a petition for redetermination.

Upon receiving a notice of deficiency[7] from the VIBIR, the

---

[6] In the Naval Service Appropriation Act of 1922, Congress set up a
"separate taxing structure for the Virgin Islands 'mirroring' the provisions
of the federal tax code" except as to those provisions in conflict with a
separate tax structure. *HMW Indus., Inc. v. Wheatley*, 504 f.2d 146, 150 (3d
Cir. 1974). The Virgin Islands Code mirrors the federal tax code in that "
'Virgin Islands' is in effect substituted for 'United States' (and vice
versa) in the Internal Revenue Code so that, to satisfy Virgin Islands tax
obligations, an individual or corporation in the Virgin Islands pays taxes to
the BIR equivalent to the taxes an individual or corporation under the same
circumstances in the United States would pay to the Internal Revenue
Service." *Danbury, Inc. v. Olive*, 820 F.2d 618, 620 (3d Cir. 1987).

[7] Under the Internal Revenue Code, when a taxpayer is deficient in the
payment of federal income tax, the agency sends the taxpayer a notice of
deficiency. 26 U.S.C. § 6212. The Virgin Islands Code provides that the VIBIR

*Elmes v. Commissioner*
Civil No. 2011-106
Memorandum Opinion
Page 8

taxpayer may petition this Court for a redetermination of their

assessed deficiency. 26 U.S.C. § 6213; V.I. CODE ANN. tit. 33,

§ 943.

Accordingly, in the Virgin Islands, if the director of the

VIBIR determines a tax deficiency exists, she is authorized to

issue a notice of deficiency to a taxpayer by registered mail.

*See* V.I. CODE ANN. tit. 33 § 942. Thereafter, the taxpayer may

file a petition with the district court for a redetermination of

the deficiency. *See* V.I. CODE ANN. tit. 33, § 943(a). It is the

notice of deficiency from the VIBIR coupled with a petition for

redetermination that brings a taxpayer before this Court.[8]

---

follow a similar protocol when that agency determines that a taxpayer has
failed to pay all of the income tax due. V.I. CODE ANN. tit. 33, § 942; *see
also W.I.T. Equip. Co.,* 185 F.Supp.2d at 510 ("When the IRS-or, in the case
of the Virgin Islands, the BIR-determines that a taxpayer has not paid all of
the income tax due, the agency sends the taxpayer a notice of deficiency by
certified or registered mail."). After the notice has been sent, the taxpayer
must file a petition for redetermination of the deficiency within ninety
days, or one hundred and fifty days if the individual is outside the United
States, in order for this Court to have jurisdiction to order a refund. V.I.
CODE ANN. tit. 33, § 943.

[8] In *Dudley v. Commissioner,* 258 F.2d 182 (3d Cir. 1958) the Third
Circuit addressed the mirror image of the issue currently before this Court.
In *Dudley* the petitioner and his wife received a notice of deficiency from
the Government of the Virgin Islands. The notice stated that the 'District
Court is apparently the Court of jurisdiction in the case. . . .' *Id.* at 183.
The petitioner filed for redetermination of the deficiency in the Tax Court
of the United States. The Tax Court dismissed the action for lack of
jurisdiction because no statutory notice of deficiency had been issued by the
Secretary of Treasury. On appeal the Third Circuit affirmed the Tax Court's
decision. Significantly, the Third Circuit noted,

> [i]n the case of a deficiency in income tax the Tax Court
> acquires jurisdiction to redetermine the deficiency only after a
> notice of deficiency. . . is mailed to a taxpayer who thereafter
> files a petition for redetermination within the appropriate time.
> . . .[T]he letters . . . attached to taxpayer's petition for

*Elmes v. Commissioner*
Civil No. 2011-106
Memorandum Opinion
Page 9

Here, however, Elmes petitions for a redetermination of a

tax liability owed to the IRS. The facts of this case are thus

substantially identical to the facts of two recent decisions by

this court in *McGrogan v. Commissioner*, Civil No. 2009-167

(CVG), 2011 WL 3472336, 108 A.F.T.R.2d 2011-5646 (D.V.I. Aug. 8,

2011), and *Teffeau v. Commissioner*, Civil No. 2010-123 (CVG)

(D.V.I. Sept. 13, 2011) (slip opinion). In *Teffeau*, this Court

explained:

> Courts have recognized that pursuant to 26 U.S.C.
> § 6213, the United States has waived its sovereign
> immunity for petitions for redetermination brought in
> conformity with the requirements of that statute. *See,
> e.g., Williams,* 243 Fed. Appx. at 236 (9th Cir.
> 2007)(observing that challenging a proposed tax
> deficiency in Tax Court is one of the two
> "alternatives under which the United States waives its
> sovereign immunity and consents to be sued in regard
> to federal income taxes"); *Mason v. Hutton*, 141 F.3d
> 1185, 1185 (10th Cir. 1998)(unpublished)(listing
> section 6213 as a statute in which the United States
> has waived its sovereign immunity); *Gasparutti v.
> United States*, 1996 WL 233782, at * 1 (C.D. Cal. Mar.
> 7, 1996)(noting that section 6213(a) provides a waiver
> of sovereign immunity "if a petition is
> filed. . . within 90 days after the issuance of the

_____

> redetermination and which he states constituted the 'basis for
> this proceeding' were not signed or issued by any officer of the
> United States. . . . On the contrary, they show on their face
> that they were sent by an officer of the Government of the Virgin
> Islands.

*Id*. at 184.

The Court finds *Dudley's* analysis instructive in addressing this issue.

*Elmes v. Commissioner*
Civil No. 2011-106
Memorandum Opinion
Page 10

Notice of Deficiency provided for by 26 U.S.C. section 6212").

When the United States offers such consent to be sued, "the terms of its consent to be sued in any court define that court's jurisdiction." *U.S. v. Sherwood,* 312 U.S. 584, 586 (1941). Section 6213 specifically directs a taxpayer to file a petition for redetermination with the Tax Court. 26 U.S.C. § 6213. That the Tax Court serves as the appropriate forum for petitions for redetermination, and not a federal district court, is well-recognized. *See, e.g., Glass v. Internal Revenue Service*, 21 Fed. Appx. 870, 872 (10th Cir. 2001)("The Tax Court has exclusive jurisdiction over petitions for the redetermination of tax deficiencies, the means of challenging the merits of a tax deficiency determination."); *see also Palmer v. Comm'r of Internal Rev.*, 62 Fed. Appx. 682, 684 (7th Cir. 2003)("[T]o sue in a federal district court the taxpayer must first pay the full amount of the tax liability. . . . If the taxpayer chooses not to pay, he *must* sue in Tax Court after receiving a notice of deficiency.")(emphasis supplied).

In this case, in Counts One and Two of the complaint, the Teffeaus petition for a redetermination of their federal tax deficiency. The Teffeaus attach to their complaint two documents captioned as notices of deficiency. The Teffeaus assert that the notices of deficiency were issued by the "Office of the Internal Revenue Service at Richmond, Virginia." (Compl. ¶ 2, 10). The notices state,

> It has been determined that you were not a bona fide resident of the United States Virgin Islands (USVI). . . . you participated in a tax avoidance scheme similar to that described in Notice 2004-45 Meritless Position Based on Section 932(c)(4) and 934(b), which involved improperly claiming to be a resident of the USVI and superficially recasting income from sources within the United States as income from sources within the USVI. . . .

(Compl. Ex. 1 & 4).

*Elmes v. Commissioner*
Civil No. 2011-106
Memorandum Opinion
Page 11

> The notices are not signed or issued by an
> officer of the VIBIR. Rather, both documents were
> issued by Douglas H. Shulman, the Commissioner of the
> IRS. Moreover, the document headers state, "Department
> of the Treasury, Internal Revenue Services, Small
> Business and Self-Employed." Significantly, the
> Teffeaus do not present a notice of deficiency from
> the VIBIR.

*Teffeau v. Commissioner*, Civil No. 2010-123 (CVG), at *8-10

(D.V.I. Sept. 13, 2011) (slip opinion).

Here, as in *Teffeau*, Elmes has not presented a notice of

deficiency signed or issued by an officer of the VIBIR. Rather,

the Notice of Deficiency at issue in Count One was issued by the

Commissioner. This Court has repeatedly held that a similar

petition for redetermination is properly brought before the

United States Tax Court. *See Teffeau v. Commissioner*, Civil No.

2010-123 (CVG), at *10 (D.V.I. Sept. 13, 2011) (slip opinion);

*McGrogan v. Commissioner*, Civil No. 2009-167 (CVG), 2011 WL

3472336 at *3, 108 A.F.T.R.2d 2011-5646 (D.V.I. Aug. 8, 2011).

The Court sees no reason to deviate from its holding in *McGrogan*

and *Teffeau*, and thus will decline Elmes's invitation to do so.

**B.   Count Two: Refund Claim**

The VIBIR moves to dismiss Count Two of the Amended

Complaint as time-barred. Specifically, the VIBIR points to the

requirement that a claimant must duly file a claim with the

VIBIR prior to filing suit in this Court. *See* 26 U.S.C.

§ 7422(a); V.I. Code Ann. tit. 33, § 1692.

*Elmes v. Commissioner*
Civil No. 2011-106
Memorandum Opinion
Page 12

The applicable limitations period is set forth in Title 26, Section 6511 of the United States Code ("section 6511"):

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such period expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

26 U.S.C. § 6511(a).

It is clear and undisputed that Elmes filed his 2002 1040 on September 30, 2003, and his First 2002 1040X on February 3, 2004. It is likewise clear and undisputed that Elmes filed his 2003 1040 on January 10, 2005. It is further clear and undisputed that Elmes filed his 2004 1040 on December 27, 2005. It is also clear and undisputed that Elmes did not file any claim with the VIBIR for the refunds he now seeks for the 2002, and 2004 tax years until September 23, 2011.

It is thus apparent, and Elmes does not seriously dispute, that he filed his administrative claims for the 2002 and 2004 tax years beyond the limitations period.

However, it is undisputed that Elmes's 2003 1040 requested a refund in the amount of $78,740. As this claim for refund was presented on the face of Elmes's 2003 1040, it was a timely filed administrative claim. Accordingly, the motion to dismiss as to Elmes's 2003 refund claim will be denied.

*Elmes v. Commissioner*
Civil No. 2011-106
Memorandum Opinion
Page 13

As for the 2002 and 2004 refund claims, Elmes argues that, notwithstanding his failure to file timely administrative claims, the statute of limitations apply because (1) the claims qualify for mitigation; (2) the doctrine of equitable recoupment applies; and (3) the statute of limitations should be equitably tolled. The Court will address each of these contentions in turn.

### 1.  Mitigation

"[I]n narrowly defined circumstances, the strictures established by the statutes of repose are loosened by the Tax Code's mitigation provision." *TLI, Inc. v. United States*, 100 F.3d 424, 427 (5th Cir. 1996). The mitigation scheme is enumerated at Title 26, Sections 1311-14 of the United States Code. "The relief provided by the mitigation statutes is limited to defined circumstances, and does not purport to permit the correction of all errors and inequities." *Fruit of the Loom, Inc. v. Commissioner*, 72 F.3d 1338, 1341 (7th Cir. 1996) (internal citations and quotation marks omitted).

> Section 1311 permits the correction of the effects of an error only if: 1) there has been a "determination", [*sic*] as defined in section 1313, excluding the item of income, or allowing the deduction, in one year; 2) there has occurred a circumstance of adjustment described in section 1312; and 3) one of the conditions necessary listed in section 1311(b) has been met.

Elmes v. Commissioner
Civil No. 2011-106
Memorandum Opinion
Page 14

*Estate of Kappel v. Commissioner*, 615 F.2d 91, 94 (3d Cir.
1980). "While these mitigation provisions are remedial and
should be given a liberal interpretation, the party invoking
them has the burden of showing that mitigation is permitted."
*Koss v. United States*, 69 F.3d 705, 709 (3d Cir. 2005).

A "final disposition by the Secretary of a claim for
refund" constitutes a "determination" for mitigation purposes.
26 U.S.C. § 1313(a)(3). A claim is considered "finally disposed
by the Secretary . . . as to items to which the claim was
disallowed, in whole or in part, or as to items applied by the
Secretary in reduction of the refund or credit, on expiration of
the time for instituting suit with respect thereto (unless suit
is instituted before the expiration of such time) . . . ." *Id.*
at § 1313(a)(3)(B). Here, the VIBIR has issued a disallowance as
to all of the refund claims asserted by Elmes. As such, Elmes
has presented an appropriate "determination."

The Court next turns to whether a "circumstance of
adjustment" occurred. Among the recognized "circumstances of
adjustment," is the "[d]ouble inclusion of income." 26 U.S.C.
§ 1312(1). The double inclusion of income occurs when "[t]he
determination requires the inclusion in gross income of an item
which was erroneously included in the gross income of the
taxpayer for another taxable year or in the gross income of a
related taxpayer." *Id.*

Elmes asserts that such an event has occurred here, because, if the same income is taxed by both the Virgin Islands and the United States, it would amount to a double inclusion of an item of gross income.

This position is also identical to one considered and rejected by this Court in *McGrogan v. Commissioner*, Civ. No. 2009-167 (CVG), 2011 WL 3472336, 108 A.F.T.R.2d 2011-5646 (D.V.I. Aug. 8, 2011). McGrogan likewise argued that his refund claim, made out of time, should be considered because in the absence of a refund his income might be subject to taxation by both the United States and the Virgin Islands. *McGrogan v. Commissioner*, Civ. No. 2009-167 (CVG), 2011 WL 3472336, at *7, 108 A.F.T.R.2d 2011-5646 (D.V.I. Aug. 8, 2011). There, this Court rejected the position advanced by McGrogan, explaining

> McGrogan asks the Court to do more than liberally construe section 1313(1), he essentially attempts to have the Court fashion its own mitigation provision from whole cloth. He contends that given the IRS's position in its notice of deficiency that McGrogan was not a bona fide resident of the Virgin Islands for the tax years in question, he erroneously paid his taxes to the wrong taxing entity. He asserts that he erroneously included income in his income tax return in one jurisdiction--the Virgin Islands--that should have been included in his return for another jurisdiction--the United States. Section 1312(1) addresses the erroneous inclusion of an item of gross income in an incorrect tax year or in the return of a related taxpayer, it does not address such inclusion in a return to the wrong taxing entity. The sort of double inclusion about which McGrogan complains is of an entirely different variety than that outlined in Section 1312(1). As such, the Court does not find

Elmes v. Commissioner
Civil No. 2011-106
Memorandum Opinion
Page 16

> application of the mitigation provisions appropriate
> to McGrogan's circumstances.

*Id.* (citing *Anthony v. United States*, 888 A.F.T.R.2d 2001-6134

(D. Idaho 2001) ("The Plaintiff would like to apply this

provision to errors discovered after the tax court determination

and within the same year . . . . The mitigation provisions were

simply not designed to apply to a situation like the

Plaintiff's); *Schwartz v. United States*, 67 F.3d 838, 840 (9th

Cir. 1995) (quoting *United States v. Rushlight*, 291 F.2d 508,

514 (9th Cir. 1961) ("The mitigation provisions . . . do 'not

purport to relieve against all inequities occasioned by the

statute of limitations.' ")

The Court finds no reason to deviate from its holding in

*McGrogan* in this case, and accordingly finds that mitigation is

not appropriate here.

### 2.   Equitable Tolling

Elmes argues that section 6511(a) should be equitably

tolled. This position is identical to one considered and

rejected by this Court in *Teffeau v. Commissioner*, Civil No.

2010-123 (CVG), 2012 U.S. Dist. LEXIS 134831 (D.V.I. Sept. 20,

2012). There, the Court explained,

> In *United States v. Brockamp*, 519 U.S. 347, 350
> (1997), a unanimous Supreme Court held that courts may
> not use non-statutory equitable reasons to toll the
> "unusually emphatic" time limitations set forth in 26
> U.S.C. § 6511. In apparent response to this decision,
> in 1998, Congress enacted a statutory exception to the

*Elmes v. Commissioner*
Civil No. 2011-106
Memorandum Opinion
Page 17

time limitations in section 6511 applicable to any period in which an individual taxpayer is financially disabled. Pub. L. 105-206, § 3202(a), 112 STAT. 740 (codified at 26 U.S.C. § 6511(h)(1)); *see also Abston v. Commissioner*, No. 11-3689, 2011 WL 3763620 *1 (8th Cir. Aug. 13, 2012) (recognizing amendment to statute as superseding decision in *Brockamp*). To date, no other exception to the *Brockamp* rule has been enacted. *See Abston v. Commissioner*, No. 11-3689, 2011 WL 3763620 *1 (8th Cir. Aug. 13, 2012). The statute defines financial disability and specifies the manner in which it may be established that a taxpayer qualifies for the exception:

> [A]n individual is financially disabled if such individual is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment . . . which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. An individual shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary may require.

26 U.S.C. § 6511(h)(2)(A). In 1999, the IRS issued Revenue Procedure 99-21 prescribing the "form and manner" the Secretary requires to prove a "medically determinable physical or mental impairment." *See* 1999-1 Cum. Bull. 960. The Revenue Procedure provides in pertinent part:

> [T]he following statements are to be submitted with a claim for credit or refund of tax to claim financial disability for purposes of § 6511(h).
>
> (1) a written statement by a physician . . . , qualified to make the determination, that sets forth
>
> (a) the name and a description of a taxpayer's physical or mental impairment;

> (b) the physician's medical opinion that the
> physical or mental impairment prevented the
> taxpayer from managing the taxpayer's
> financial affairs;
>
> (c) the physician's medical opinion that the
> physical or mental impairment was or can be
> expected to result in death, or that it has
> lasted (or can be expected to last) for a
> continuous period of not less than 12
> months;
>
> (d) to the best of the physician's
> knowledge, the specific time period during
> which the taxpayer was prevented by such
> physical or mental impairment from managing
> the taxpayer's financial affairs; and
>
> (e) the following certification, signed by
> the physician: I hereby certify that, to the
> best of my knowledge and belief, the above
> representations are true, correct, and
> complete.

Rev. Proc. 99-21 (IRS RPR), 1999-1 Com. Bull. 960.

Here, the Teffeaus have neither shown nor alleged that they were financially disabled, or that they complied with the requirements of Revenue Procedure 99-21. Although the Court of Appeals for the Third Circuit has not yet addressed this issue, other courts have dismissed taxpayer refund suits as time-barred by section 6511 because the taxpayer's claim of financial disability was not supported by a physician's statement in compliance with Revenue Procedure 99-21. *See Abston v. Commissioner*, No. 11-3689, 2011 WL 3763620, at *2 (8th Cir. Aug. 13, 2012); *Castaners v. United States*, No. 11C5130 (SDY), at *4 (N.D. Ill. May 16, 2012); *Pleconis v. IRS*, No. 09-5970 (SDW), 2011 WL 3502057, at *5 (D.N.J. Aug. 10, 2011); *Ibeagawa v. United States*, No. 09 C 1267 (WTH), 2009 WL 3172165, at *2 (N.D. Ill. Sept. 30, 2009); *Nunn v. United States*, No. 3:08CV-199-S (CSS), 2009 WL 260803, at *4 (W.D. Ky. Feb. 4, 2009); *Henry v. United States*, No. 3:05-CV-1409-D (SAF), 2006 WL 3780878, at *4 (N.D. Tex. Dec. 26, 2006); *Glover v. United States*, No. 05-CV-60044-A (MOB), 2005 WL 1926614, at *2 (E.D. Mich. July 11, 2005). Accordingly, the Court finds no basis

*Elmes v. Commissioner*
Civil No. 2011-106
Memorandum Opinion
Page 19

> under section 6511's financially disabled exception to
> extend the statute of limitations period.

*Id.* at *10–13.

Here, as in *Teffeau*, Elmes has neither alleged nor shown

that he was financially disabled for any relevant period. As

Section 6511 otherwise admits of no equitable exception, *see*

*Abston v. Commissioner*, No. 11-3689, 2011 WL 3763620 *1 (8th

Cir. Aug. 13, 2012), his claim cannot proceed on this basis.

### 3.   Equitable Recoupment

Lastly, Elmes argues that his refund claim is not barred

because the doctrine of equitable recoupment overrides the

operation of any limitations period.

The doctrine of equitable recoupment originated in *Bull v.*

*United States*, 295 U.S. 247 (1935). There, the plaintiff was the

estate of a deceased partner in a ship-broker business. In 1920,

the executor of the estate included the partnership

distributions in the estate tax return. In 1925, the IRS sent

the estate a notice of deficiency for the estate's income tax

for the 1920 tax year. The Commissioner afforded no deduction

for the amount the estate had paid on the distributions in the

estate tax.

The executor then filed a claim for a refund of the amount

of estate tax paid. The Supreme Court held that, although the

*Elmes v. Commissioner*
Civil No. 2011-106
Memorandum Opinion
Page 20

refund action was brought out of time, it could nonetheless

proceed. The Supreme Court explained:

> In . . . 1925, the government brought a new proceeding
> arising out of the same transaction involved in the
> earlier proceeding. This time, however, its claim was
> for income tax. The taxpayer opposed payment in full,
> by demanding recoupment of the amount mistakenly
> collected as estate tax and wrongfully retained.
>
> . . . .
>
> [T]he claim for income tax deficiency had been the
> subject of a suit, any counter demand for recoupment
> of the overpayment of estate tax could have been
> asserted by way of defense and credit obtained,
> notwithstanding the statute of limitations had barred
> an independent suit against the government therefor.
> This is because recoupment is in the nature of a
> defense arising out of some feature of the transaction
> upon which the plaintiff's action is grounded. Such a
> defense is never barred by the statute of limitations
> so long as the main action is timely.

*Id.* at 262.

Once again, Elmes's position is identical to the position

considered and rejected by this Court in *McGrogan*. There, as

here, McGrogan contended that "he [was] being taxed on funds

from the same occurrence, namely his income for tax years 2002,

2003, and 2004." *McGrogan v. Commissioner*, Civ. No. 2009-167

(CVG), 2011 WL 3472336, at *9, 108 A.F.T.R.2d 2011-5646 (D.V.I.

Aug. 8, 2011).

In evaluating McGrogan's contention, the Court first

compared McGrogan's claim to that advanced by the taxpayer-

plaintiff in *United States v. Dalm*, 494 U.S. 596. There, the

*Elmes v. Commissioner*
Civil No. 2011-106
Memorandum Opinion
Page 21

taxpayer received two large sums of money on which she paid gift
taxes. The IRS subsequently concluded that the sums of money
were not gifts, but rather income, and thus found the taxpayer
deficient in the payment of her income tax.

The taxpayer sought a redetermination. After a trial, the
IRS settled the matter.

The taxpayer then initiated an action for a refund of the
allegedly overpaid gift tax. The Supreme Court held that that
action was time-barred. The Court explained that, unlike in
*Bull*, the taxpayer did "not seek to invoke equitable recoupment
in determining her income tax liability; she has already
litigated that liability without raising a claim of equitable
recoupment and is foreclosed from relitigating it now." *Id.* at
606. Instead, she pursued "a separate action for refund of a
gift tax, an action for which there is no statutory
authorization by reason of the bar of the limitations statute."
*Id.* The Court concluded by noting that in the previous cases
where it had applied equitable recoupment, "there was no
question but that the courts in which the refund actions were
brought had jurisdiction. To date, we have not allowed equitable
recoupment to be the sole basis for jurisdiction." *Id.*

Applying this decisional law, this Court found that it
lacked jurisdiction over McGrogan's claim:

*Elmes v. Commissioner*
Civil No. 2011-106
Memorandum Opinion
Page 22

> [McGrogan] is presenting a claim for refund that is
> unaccompanied by a claim for a tax deficiency over
> which this Court may exercise its jurisdiction.
>
> . . . .
>
> McGrogan urges the Court to allow this action to
> proceed based on the doctrine of equitable recoupment.
> As in *Dalm*, McGrogan fails to present a claim over
> which this Court would have jurisdiction. Guided by
> the bedrock principle that federal courts are "courts
> of limited jurisdiction possessing only that power
> authorized by Constitution and statute," the Court
> must decline McGrogan's invitation.

*McGrogan v. Commissioner*, Civ. No. 2009-167 (CVG), 2011 WL

3472336, at *10, 108 A.F.T.R.2d 2011-5646 (D.V.I. Aug. 8, 2011)

(quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.

375, 377 (1994)).

Here, as in *McGrogan*, the Court has found that Elmes's 2002

and 2004 refund claims are untimely. As such, to the extent

Elmes seeks a refund for those taxes paid in those years, this

Court is without jurisdiction to hear his claims.

## C. <u>Count Three: Takings Claim</u>

In Count Three of the Amended Complaint, Elmes asserts that

the potential "double taxation" he may face if the VIBIR does

not refund his taxes is tantamount to a taking, in violation of

the Fifth Amendment of the United States Constitution. The VIBIR

Elmes v. Commissioner
Civil No. 2011-106
Memorandum Opinion
Page 23

moves to dismiss Count Three of the Amended Complaint for

failure to state a claim for which relief may be granted.[9]

The Fifth Amendment proscribes the taking of private

property "for public use, without just compensation." U.S. CONST.

amend. V." Claims under the Fifth Amendment's "Takings Clause"

fall into one of two categories: a physical occupation or *per se*

taking, or a regulatory taking. *United States v. Donovan*, 466 F.

Supp. 2d 590, 594 (D. Del. 2006) (citing *Brace v. United States*,

72 Fed. Cl. 337, 346–47 (Fed. Cl. 2006)).

It is well-established that "the government's act of

taxation . . . [is] not a *per se* taking of private property.

*United States Shoe Corp. v. United States*, 296 F.3d 1378, 1383

(Fed. Cir. 2002) (citing *United States v. Sperry Corp.*, 493 U.S.

52, 62 n.9 (1989) (considering and rejecting the view that money

is private property that can be physically occupied by the

government, explaining: "Unlike real or personal property, money

is fungible.")

Courts have also declined to find that a tax constitutes a

regulatory taking. *See United States Shoe*, 296 F.3d at 1383

("Nor is [a] tax a regulatory taking"); *Commonwealth Edison Co.*

*v. United States*, 271 F.3d 1237, 1339 (Fed. Cir. 2001)

---

[9] Although Count Three of the Complaint also purports to assert a claim
against the Commissioner, the Commissioner has not sought to have Count Three
dismissed or otherwise addressed Count Three in his pleadings.

*Elmes v. Commissioner*
Civil No. 2011-106
Memorandum Opinion
Page 24

("[R]egulatory actions requiring the payment of money are not takings") (relying on the reasoning of five justices in *Eastern Enters. v. Apfel*, 524 U.S. 498 (1998)); *Atlas Corp. v. United States*, 895 F.2d 745, 756 (Fed. Cir. 1990) ("Requiring money to be spent is not a taking of property.")

The Court is unaware of any case recognizing that a violation of the Takings Clause occurred by any form of taxation, and this Court declines to do so now.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Count one for lack of jurisdiction. As to Count Two, the claims for refund arising out of the 2002 and 2004 tax years are time-barred. The 2002 and 2004 claims for refund must be dismissed for want of any independent basis for jurisdiction. As a timely claim for a refund was filed for the 2003 tax year, the motion to dismiss will be denied as to this claim. Lastly, Count Three fails to assert a claim for which relief may be granted and must be dismissed as against the VIBIR. An appropriate order follows.

S_____
          **Curtis V. Gómez**
          **Chief Judge**